# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE AVINA, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 21-cv- |
| v. ) ) | |
| RADIUS GLOBAL SOLUTIONS, LLC, ) ) | Jury Demanded |
| Defendant. ) ) | |

## CLASS COMPLAINT

Plaintiff Jose Avina, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a letter in an envelope which included language visible through the window of the envelope that violated his privacy.

4. Plaintiff has thus suffered an injury as a result of Defendant's conduct, and suffered harm to his reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to

a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff is a resident of the State of Illinois, from whom Defendant attempted to collect a debt allegedly owed for a Department Stores National Bank credit card (the "Account").

6. Defendant Radius Global Solutions, LLC ("Radius") is a Minnesota limited liability company that does or transacts business in Illinois. Its registered agent and office is C T Corporation System, 208 S LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. Radius regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. Thus, Radius is a debt collector as that term is defined at § 1692a(6) of the FDCPA.

8. Radius is licensed as a collection agency in the State of Illinois.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt for a Department Stores National Bank ("DSNB") credit card, creating the Account.

10. Plaintiff used the card for purchases for household use, including clothing.

11. The Account is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay any debts, and the Account went into default.

13. Radius subsequently began collection activities on the Account.

14. On or about September 9, 2020, Radius mailed Plaintiff a collection letter ("Letter"). (Exhibit A, Letter)

15. The Letter conveyed various information regarding the Account directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

16. The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

17. The Letter is a form letter.

18. Plaintiff read the Letter.

19. The Letter was mailed in an envelope with a glassine window that showed Plaintiff's name and address, and a return address.

20. The last line of the return address stated: "Mail Code DSNB." (Exhibit B, Envelope).

21. The FDCPA prohibits using an envelope that contains any language other than the debt collector's address.

22. Thus, the presence of the additional language violated the FDCPA.

23. The "Mail Code" is actually the name of the current creditor, which is on Plaintiff's credit report as DSNB/Macy's.

24. DSNB is not the business name of Radius, nor is it part of the address of Radius.

25. The language reveals the identity of the creditor of the Account.

26. It was apparent to anyone viewing the envelope that it contained a letter regarding a financial matter regarding DSNB, although the letter was not sent by them, including to Plaintiff's postal carrier, family members, and neighbors.

27. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

28. Radius used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained language other than its address on the envelope.

29. The inclusion of any language that is not Radius's name or address violates § 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation over the inclusion of TIME SENSITIVE DOCUMENT on an envelope) (emphasis in the original).

30. The Seventh Circuit further reiterated what the statute already makes clear: no language or symbol other than the debt collector's address, is permitted. *Id*. (finding no exception even for so-called "benign language" on an envelope).

31. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

32. Plaintiff Jose Avina brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to

4

collect a DSNB Debt (3) by sending a letter in an envelope containing the words "Mail Code DSNB" visible through the envelope or (4) sent between one year prior to the filing of this Class Action Complaint up to the filing of this Class Action Complaint (the "Class").

33. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Radius attempted to collect a debt using the same or similar form letter and envelope.

34. Plaintiff Avina's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudication with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

36. Plaintiff Avina will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

37. Moreover, Plaintiff Avina has retained counsel that has been approved as class counsel in prior actions brought under the FDCPA

## **COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM**

38. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

39. Defendant used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained language other than its address on the envelope.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of himself and against Defendant as follows:

    A.    Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Daniel Brown*
      Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E:daniel@mainstreetattorney.com