UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE AVINA,

                Plaintiff,

      v.

RADIUS GLOBAL SOLUTIONS, LLC,

                Defendant.

No. 21 CV 295

Judge Manish S. Shah

**ORDER**

Defendant's motion to dismiss, [18], is granted. The case is dismissed without prejudice for lack of jurisdiction. Enter judgment and terminate civil case.

**STATEMENT**

Plaintiff Jose Avina owed money on his credit card. Defendant Radius Global Solutions, LLC, tried to collect on that debt by sending Avina a letter. The envelope that Radius used had a glassine window that displayed Radius's return address and this line: "Mail Code DSNB." Avina says that by including more than its return address on the envelope, Radius violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(8). Radius moves to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1).

A complaint must contain a short and plain statement that plausibly suggests a right to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A motion under Rule 12(b)(1) contests the court's subject-matter jurisdiction. A challenge to standing—a jurisdictional requirement—can take the form of a facial or a factual attack on the plaintiff's allegations. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). When a defendant launches a facial attack on standing, as in this case, the question is "whether the allegations, taken as true, support an inference that the elements of standing exist." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) (citing *Apex Digital, Inc.*, 572 F.3d at 443–44).

Jose Avina used a Department Stores National Bank credit card to buy household items. [1] ¶¶ 9–10.[1] When he fell on hard times, Avina couldn't pay his debts. *Id.* ¶ 12. Radius Global Solutions began collection activities on Avina's credit card account. *Id.* ¶¶ 13–14. Radius mailed Avina a form letter in an envelope with a glassine window that showed Avina's name and address. *Id.* ¶¶ 14–19; [1-1]. Also visible through the window was Radius's return address, including the line "Mail Code DSNB." [1] ¶¶ 19–20; [1-1]. The acronym "DSNB" stood for Department Stores National Bank, the name of Avina's creditor. *See* [1] ¶ 23.

Seeking to represent a class of similarly situated debtors, Avina filed this lawsuit in federal court. [1]. He alleges that Radius violated § 1692f(8) of the FDCPA. *Id.* Radius moves to dismiss the complaint, [18], and argues that Avina lacks standing to bring his claim. [19].

The authority of federal courts extends only to "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. Standing doctrine is "rooted in the traditional understanding of a case or controversy," and is a threshold requirement in every federal case. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, a plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021) (quoting *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020)). At the pleading stage, a plaintiff must allege facts demonstrating each of these elements. *Spokeo*, 578 U.S. at 338.

At issue here is the requirement that Avina's injury in fact be concrete. "[T]raditional tangible harms" easily pass this bar, but intangible harms can also support standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Concrete intangible harms are those that have a "close historical or common-law analogue." *Id.* Congress can "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law," *Spokeo*, 578 U.S. at 341 (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 578 (1992)), but not all statutory violations cause concrete harms. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020) (citing *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1621 (2020)). In a suit for damages, the risk of future harm, standing alone, is not a concrete injury. *See TransUnion*, 141 S. Ct. at 2210–12.

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint. [1].

Avina argues that Radius's alleged violation of § 1692f(8) inflicted a concrete injury to his privacy interest. [22] at 2.² Avina says that the mailing disclosed the name of his creditor, "sensitive, private information relating to the Plaintiff's account." *Id.* Plaintiff doesn't allege that anyone saw the envelope, but claims that anyone viewing it would have known that the mailing concerned a financial matter involving Department Stores National Bank. [1] ¶ 26.

A disclosure of private information is an intangible harm that can be concrete. *See TransUnion LLC*, 141 S. Ct. at 2204 (citing *Davis v. Election Comm'n*, 554 U.S. 724, 733 (2008)). In order to show this kind of harm, Avina needed to allege that Radius (1) disseminated (2) his private information. *See Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 910, 913 (7th Cir. 2017) (a violation of a right of privacy is actionable where a plaintiff alleges the dissemination of his "personal information"); *Dancel v. Groupon, Inc.*, Case No. 18 C 2027, 2018 WL 11195080, at *2 (N.D. Ill. Oct. 10, 2018) (citations omitted); Restatement (Second) of Torts § 652D (Am. L. Inst. 1977) (The tort of "Publicity Given to Private Life" applies where a defendant gives "publicity" to "a matter concerning the private life of another.").

Section 1692f(8) prohibits debt collectors from using any language or symbol on an envelope besides the debt collector's own business name or address. *See Preston v. Midland Credit Mgmt., Inc.*, 948 F.3d 772, 784 (7th Cir. 2020). But § 1692f(8) is an example of an unfair or unconscionable debt-collection practice, and not every unfair or unconscionable practice causes a privacy injury. For example, collecting an amount that is not expressly authorized by law or agreement (§ 1692f(1)) doesn't injure a debtor's privacy, it injures their property. So although Congress enacted the FDCPA to prevent "invasions of individual privacy," *see* 15 U.S.C. § 1692(a), it is not enough for Avina to have alleged that Radius violated the FDCPA. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1065–66 (7th Cir. 2020).³ What Avina needed to show—and hasn't—is that Radius's statutory violation harmed him in a concrete way. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210–11 (2021).

Avina's alleged privacy injury is insufficient for two reasons. First, the information Radius made visible on the envelope—"Mail Code DSNB"—wasn't private. Avina claims that "Mail Code DSNB" revealed the identify of his creditor, but this conclusory allegation isn't "entitled to the assumption of truth." *Ashcroft v.*

---

² The complaint alleges that Avina "suffered harm to his reputation," [1] ¶ 4, but doesn't back up that allegation with any factual support. To show standing "[i]t is not enough to say that your reputation was harmed without explaining how." *Crabtree v. Experian Info. Solutions, Inc.*, 948 F.3d 872, 880 (7th Cir. 2020) (citing *Johnson v. U.S. Off. of Pers. Mgmt.*, 783 F.3d 655, 669 (7th Cir. 2015)).

³ Plaintiff cites *Bellwood* for the rule that a violation of a substantive statutory right results in an injury in fact, but that case doesn't negate the requirement that an injury in fact be concrete. *See Village of Bellwood v. Dwivedi*, 895 F.2d 1521, 1526–27 (7th Cir. 1990).

*Iqbal*, 556 U.S. 662, 679 (2009). Even if someone looking at the letter would have understood "DSNB" to refer to Department Stores National Bank, nothing about that name would reveal that Avina owed money.[4] "Mail Code DSNB" disclosed nothing about the nature of Avina's relationship to Department Stores National Bank, and so Radius's letter didn't disclose anything private about Avina.

Plaintiff compares the facts of this case to the display of a social security number, [22] at 5, but that's not a good analogy. A social security number is a core piece of private information unique to a person, and because such numbers are ubiquitous in the United States, easily recognizable private information. By contrast, the initials of Avina's creditor aren't, standing alone, private information. The absence of private information here distinguishes this case from *Fox*, which involved biometric identifiers that "are immutable, and once compromised, are compromised forever." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1155 (7th Cir. 2020). The FDCPA cases Avina cites aren't persuasive because those cases exposed some information about the plaintiff's relationship to the creditor. *See Adkins v. Fin. Recovery Servs., Inc.*, Case No. 15-cv-887, 2015 WL 5731842 (N.D. Ill. Sept. 30, 2015) (debt collection letter displayed a debtor's account number); *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (same); *DiNaples v. MRS BPO, LLC*, 934 F.3d 275 (3d Cir. 2019) (debt collection letter displayed a quick response (QR) code that led to debtor's account number); *Donovan v. FirstCredit, Inc.*, 983 F.3d 246 (6th Cir. 2020) (envelope made visible "Payment in full is enclosed" and "I need to discuss this further.").[5] A debtor's account number or words indicating a payment being enclosed are indications of a debtor's status as such. The initials of a creditor are not.

Second, to show a concrete injury on the basis of disclosure of his private information, Avina needed to allege disclosure. *See Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912 (7th Cir. 2017) (rejecting a similar argument for standing because there was no allegation a defendant "has released, or allowed anyone to disseminate, any of the plaintiff's personal information in the company's possession"); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 n.6 (2021) (indicating that actual disclosure to another person was required to show standing on the basis of a statutory injury related to defamation). Even if the information at issue had been private,

---

[4] Plaintiff argues that this communication should be interpreted under the "unsophisticated consumer" standard, [1] ¶ 31 (citing *Gammon v. GC Servs., Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)), but that standard is used to analyze violations of the FDCPA, not Article III standing to bring such claims. *See Gammon*, 27 F.3d at 1257; *Johnson v. Enhanced Recovery Co., LLC*, 961 F.3d 975, 982–83 (7th Cir. 2020).

[5] *Preston* clarified the brightline rule applicable to a merits violation of § 1692f(8), but did not address jurisdiction. *See Preston v. Midland Credit Mgmt, Inc.*, 948 F.3d 772 (7th Cir. 2020); *Lueck v. Bureaus, Inc.*, No. 20 C 2017, 2021 WL 4264368, at *5 (N.D. Ill. Sept. 20, 2021). The court's silence on jurisdiction in *Preston* should not be read to conflict with *Larkin*: statutory violations are not enough to supply jurisdiction in an FDCPA case. *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020).

Radius didn't disseminate it to anyone except Avina himself. There's an allegation in the complaint that "[i]t was apparent to anyone viewing the envelope that it contained a letter regarding a financial matter regarding DSNB ... including to Plaintiff's postal carrier, family members, and neighbors," [1] ¶ 26, but plaintiff nowhere alleges that anyone actually saw the envelope. *See* [1].

In his brief in opposition to Radius's motion, Avina suggests that the mail carrier saw the envelope, [22] at 11, but that's not what the complaint says, *see* [1], and that kind of amendment to a complaint isn't allowed. *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (citation omitted). And as discussed above, even if the mail carrier saw the envelope, the carrier learned nothing private about Avina. Alternatively, Avina points to the risk that someone might figure out that he was a debtor, [1] at 4–5, but "the mere risk of future harm, without more, cannot qualify as a concrete harm in a suit for damages." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210–11 (2021). That Radius sent Avina a letter is not disclosure, either. *See Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 912 (7th Cir. 2017); Restatement (Second) of Torts § 652D (Am. L. Inst. 1977).

The complaint does not claim that Radius's alleged statutory violation harmed Avina's privacy interest in a concrete way, and so he lacks standing to bring his FDCPA claim. *See Nettles v. Midland Funding LLC*, 983 F.3d 896, 900 (7th Cir. 2020).

Defendant's motion to dismiss, [18], is granted.


ENTER:

Date: November 4, 2021

Manish S. Shah
U.S. District Judge

5